# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| James Luckie, Plaintiff-Appellant,<br>v.<br>Port Authority of New York and New Jersey, et al., Defendants-Appellees.<br><br>Second Circuit No. 26-2326 | Southern District of New York | Edgardo Ramos |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>7/23/2026 (order)<br>7/24/2026 (judgment) | District Court Docket No.:<br>1:22-cv-06114 (ER) |
| | Date the Notice of Appeal was Filed:<br>August 18, 2026 | Is this a Cross Appeal?<br>☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):**<br>☑ Plaintiff<br>☐ Defendant | Lloyd M. Eisenberg / Eisenberg & Carton<br>405 RXR Plaza, Uniondale, NY 11556<br>Telephone: 516-221-3700; Fax: 516-977-3337<br>leisenberg@eisenbergcarton.com |
| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | Nicholas Mino<br>Port Authority of New York and New Jersey, Office of the General Counsel<br>4 World Trade Center, 150 Greenwich Street, 24th Floor, New York, NY 10007<br>Telephone: 212-345-3429; Fax: 212-435-3484<br>nmino@panynj.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| N/A; see Form D | N/A | N/A | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*:** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*:** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): ______ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ______ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ☑ Damages: | ☐ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☑ Sought: $ See A | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☐ Judgment / Decision of the Court | ☐ Granted: $ ____ | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ☑ Summary judgment | ☑ Denied: $ All | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☐ Other (specify): | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**

☐ Antitrust
☐ Bankruptcy
☐ Banks/Banking
☑ Civil Rights
☐ Commerce
☐ Energy
☐ Commodities
☐ Other (specify): ____________
☐ Communications
☐ Consumer Protection
☐ Copyright ☐ Patent
☐ Trademark
☐ Election
☐ Soc. Security
☐ Environmental
☐ Freedom of Information Act
☐ Immigration
☐ Labor
☐ OSHA
☐ Securities
☐ Tax

**2. Torts**

☐ Admiralty/ Maritime
☐ Assault / Defamation
☐ FELA
☐ Products Liability
☑ Other (Specify): Malicious prosecution

**3. Contracts**

☐ Admiralty/ Maritime
☐ Arbitration
☐ Commercial
☐ Employment
☐ Insurance
☐ Negotiable Instruments
☐ Other Specify

**4. Prisoner Petitions**

☐ Civil Rights
☐ Habeas Corpus
☐ Mandamus
☐ Parole
☐ Vacate Sentence
☐ Other

**5. Other**

☐ Hague Int'l Child Custody Conv.
☐ Forfeiture/Penalty
☐ Real Property
☐ Treaty (specify): ____________
☐ Other (specify): ____________

**6. General**

☐ Arbitration
☐ Attorney Disqualification
☐ Class Action
☐ Counsel Fees
☐ Shareholder Derivative
☐ Transfer

**7. Will appeal raise constitutional issue(s)?** ☑ Yes ☐ No

Will appeal raise a matter of first impression? ☐ Yes ☑ No

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ____________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: James Luckie

Date: September 29, 2026

Signature of Counsel of Record: [signature]

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## Luckie v. Port Authority of New York and New Jersey, et al.
## Docket No. 26-2326

## FORM C ADDENDUM A

### Nature of the action and result below

James Luckie brought this action under 42 U.S.C. § 1983 and New York law against the Port Authority of New York and New Jersey and other defendants arising from an investigation and criminal prosecution concerning his work as electrical operations manager at the World Trade Center. He alleged, among other things, that investigators fabricated or materially misrepresented evidence supplied to prosecutors and maliciously caused his prosecution. The state-court indictment was dismissed for legally insufficient evidence in July 2021.

On July 22, 2026, the district court granted defendants' motion for summary judgment. It dismissed the federal and state malicious-prosecution claims on the ground that the grand-jury indictment created a presumption of probable cause that had not been rebutted. It deemed the remaining claims, including the due-process claim based on fabrication of evidence, abandoned. Judgment was entered on July 24, 2026. Luckie filed his notice of appeal on August 18, 2026.

The appeal principally challenges the abandonment ruling as to the due-process/fabrication claim and the disposition of that claim without consideration of its merits, and secondarily challenges summary judgment on the malicious-prosecution claims. Appellant seeks vacatur of the judgment as to those claims and remand for further proceedings.

The district-court docket lists a damages demand of $9,999,000. All relief was denied. No additional transcript is being ordered; the appeal concerns the written summary-judgment record, which already includes deposition and grand-jury transcripts as filed exhibits.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**Luckie v. Port Authority of New York and New Jersey, et al.**
**Docket No. 26-2326**

# FORM C ADDENDUM B

## Issues proposed to be raised on appeal and standards of review

**1. Due-process claim and abandonment.** Whether the district court erred in deeming appellant's due-process claim based on fabrication of evidence abandoned when his summary-judgment opposition expressly addressed fabrication, alleged material misrepresentations in the investigative account supplied to prosecutors, and causation; and whether the record, viewed in appellant's favor, presents genuine issues of material fact concerning that claim, including alleged fabrication in pre-grand-jury investigative reports and communications. The merits inquiry includes whether the alleged fabrication caused a deprivation of appellant's liberty, whether the prosecutor's investigation and charging decision broke that causal connection, and whether the fabrication claim survives even if probable cause otherwise existed to prosecute appellant.

**Standard of review:** De novo review of the grant of summary judgment and the legal basis for the abandonment ruling, construing the evidence and drawing reasonable inferences in appellant's favor.

**2. Malicious prosecution.** Whether the district court erred in granting summary judgment on appellant's federal and New York malicious-prosecution claims, including whether the court incorrectly treated the misconduct-based rebuttal of the indictment's presumption of probable cause as unpreserved and improperly declined to evaluate supporting evidence as impermissible reweighing of grand-jury evidence, and whether the federal claim required a charge-specific probable-cause analysis.

**Standard of review:** De novo, construing the evidence and drawing reasonable inferences in appellant's favor.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JAMES LUCKIE,

(List the full name(s) of the plaintiff(s)/petitioner(s).)

22-cv-6114 (ER)

22 - CV -6114 ( ER )( )

-against-

## NOTICE OF APPEAL

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; PORT AUTHORITY INSPECTOR GENERAL

JOHN LEDDEN, MICHAEL NESTOR, STEVEN PASICHOW, PETER MAINO, MARK GAUNT

(List the full name(s) of the defendant(s)/respondent(s).)

Notice is hereby given that the following parties: JAMES LUCKIE

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☒ order entered on: July 22, 2026

(date that judgment or order was entered on docket)

that: the Court erred in granting summary judgment in favor of the defendants finding no genuine issue of material fact and as well as other issues which may become apparent upon review of the record of appeal.

(If the appeal is from an order, provide a brief description above of the decision in the order.)

August 13,2026

Dated

Signature

Kelly, Dennis, J.

Name (Last, First, MI)

1248 Montuak Hwy., West Islip, NY 11795

Address City State Zip Code

631-314-4996

Telephone Number

Dkelly@kandgfirm.com

E-mail Address (if available)

[1] Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:22−cv−06114−ER

Luckie v. The Port Authority of New York and New Jersey et al
Assigned to: Judge Edgardo Ramos
Demand: $9,999,000
Cause: 42:1983 Civil Rights Act

Date Filed: 07/18/2022
Date Terminated: 07/24/2026
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**James Luckie** represented by

**Dennis Kelly**
Kelly & Grossman, LLP
1248 Montauk Highway
West Islip, NY 11795
631−314−4996
Email: dkelly@kellyandgrossman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David C. Grossman**
David Grossman & Associates PLLC
1 Village Plaza Suite 401
Kings Park, NY 11754
516/ 579−6500
Email: dgrossman@kgkfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Port Authority of New York and New Jersey** represented by

**Nicholas Mino**
The Port Authority of New York and New Jersey
Four World Trade Center
150 Greenwich Street, 24th Floor
New York, NY 10007
212−345−3429
Fax: 212−435−3484
Email: nmino@panynj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andres Casas**
The Port Authority of NY & NJ
4 World Trade Center
150 Greenwich Street
New York, NY 10007
917−656−6212
Email: acasas@panynj.gov
*TERMINATED: 07/24/2026*

**Andrew Kenneth Rafalaf**
The Port Authority of NY & NJ
NY
4 Wtc
150 Greenwich St.
Ste 24th Floor
New York, NY 10007
212−435−3422
Email: arafalaf@panynj.gov

*TERMINATED: 09/18/2024*

**Gemini Anthony Nazareno , Jr**
Office of the New York State Attorney General
Labor Bureau, Criminal Enforcement Section
28 Liberty Street
Ste 15th Floor
New York, NY 10005
212−416−8131
Email: gemini.nazareno@ag.ny.gov
*TERMINATED: 07/24/2026*

**Kathleen Gill Miller**
The Port Authority of NY & NJ
4 World Trade Center
150 Greenwich Street
Ste 24th Floor
New York, NY 10007
212−435−3434
Email: kmiller@panynj.gov
*TERMINATED: 07/24/2026*

**Megan Lee**
The Port Authority of NY & NJ
4 World Trade Center
150 Greenwich Street
Ste 24th Floor
New York, NY 10007
212−435−3435
Email: mlee@panynj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Port Authority Inspector General** represented by **Port Authority Inspector General**
PRO SE

**Andrew Kenneth Rafalaf**
(See above for address)
*TERMINATED: 09/18/2024*

**Defendant**

**John Ledden**
*as an Employee of the Port Authority of New York and New Jersey office of Inspector General*

represented by **Nicholas Mino**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andres Casas**
(See above for address)
*TERMINATED: 07/24/2026*

**Andrew Kenneth Rafalaf**
(See above for address)
*TERMINATED: 09/18/2024*

**Gemini Anthony Nazareno , Jr**
(See above for address)
*TERMINATED: 07/24/2026*

**Kathleen Gill Miller**
(See above for address)
*TERMINATED: 07/24/2026*

**Megan Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Micahel Nestor**
*as an Employee of the Port Authority of New York and New Jersey office of the Inspector General*

**Defendant**

| | | |
|---|---|---|
| **Steven Pasichow**<br>*as an Employee of The Port Authority of New York and New Jersey office of the Inspector General* | represented by | **Nicholas Mino**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Andres Casas**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Andrew Kenneth Rafalaf**<br>(See above for address)<br>*TERMINATED: 09/18/2024*<br><br>**Gemini Anthony Nazareno , Jr**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Kathleen Gill Miller**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Megan Lee**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Peter Maino**<br>*as an Employee of the Port Authority of New York and New Jersey office of the Inspector General* | represented by | **Nicholas Mino**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Andres Casas**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Andrew Kenneth Rafalaf**<br>(See above for address)<br>*TERMINATED: 09/18/2024*<br><br>**Gemini Anthony Nazareno , Jr**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Kathleen Gill Miller**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Megan Lee**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

Case: 26-2326, 08/19/2026, DktEntry: 6.1, (5 of 13) 

| | | |
|---|---|---|
| **Mark Gaunt**<br>*as an Employee of The Port Authority of New York and New Jersey office of the Inspector General* | represented by | **Nicholas Mino**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Andres Casas**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Andrew Kenneth Rafalaf**<br>(See above for address)<br>*TERMINATED: 09/18/2024*<br><br>**Gemini Anthony Nazareno , Jr**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Kathleen Gill Miller**<br>(See above for address)<br>*TERMINATED: 07/24/2026*<br><br>**Megan Lee**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2022 | 1 | COMPLAINT against Detective Mark Gaunt, Individually and as an Employee of The Port Authority of New York and New Jersey office of the Inspector General, John Ledden, Individually and as an Employee of the Port Authority of New York and New Jersey office of Inspector General, Michael Nestor, Individually and as an Employee of the Port Authority of New York and New Jersey office of the Inspector General, Peter Maino, Individually and as an Employee of the Port Authority of New York and New Jersey office of the Inspector General, Port Authority Inspector General, Steven Pasichow, Individually and as an Employee of The Port Authority of New York and New Jersey office of the Inspector General, The Port Authority of New York and New Jersey. (Filing Fee $ 402.00, Receipt Number ANYSDC−26430031)Document filed by James Luckie..(Grossman, David) (Entered: 07/18/2022) |
| 07/18/2022 | 2 | CIVIL COVER SHEET filed..(Grossman, David) (Entered: 07/18/2022) |
| 07/18/2022 | 3 | **FILING ERROR − DEFICIENT PLEADING − SUMMONS REQUESTED − WRONG EVENT TYPE SELECTED FROM MENU** − CIVIL COVER SHEET filed. (Attachments: # 1 Civil Cover Sheet Summons).(Grossman, David) Modified on 7/19/2022 (gp). (Entered: 07/18/2022) |
| 07/19/2022 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney David C. Grossman to RE−FILE Document No. 3 Civil Cover Sheet. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons;. Re−file the document using the event type Request for Issuance of Summons found under the event list Service of Process − select the correct filer/filers − and attach the correct summons form PDF. (gp)** (Entered: 07/19/2022) |
| 07/19/2022 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney David C. Grossman re: Document No. 1 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF. (enter the parties separately in their individual capacties). Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents... (gp)** Modified on 7/19/2022 (gp). (Entered: 07/19/2022) |
| 07/19/2022 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY INSPECTOR GENERAL, JOHN LEDDEN, Individually and as Employee of THE PORT AUTHORITY OF |

| | | |
|---|---|---|
| | | NEW YORK AND NEW JERSEY OFFICE OF INSPECTOR GENERAL; MICHAEL NESTOR, Individually and as Employee of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY OFFICE OF INSPECTOR GENERAL and STEVEN PASICHOW, Individually and as Employee of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY OFFICE OF INSPECTOR GENERAL, PETER MAINO, Individually and as Employee of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY OFFICE OF INSPECTOR GENERAL DETECTIVE MARK GAUNT, Individually and as Employee of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY OFFICE OF INSPECTOR GENERAL, re: 1 Complaint,,,. Document filed by James Luckie..(Grossman, David) (Entered: 07/19/2022) |
| 07/19/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Edgardo Ramos. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district−judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf−related−instructions..(gp) (Entered: 07/19/2022) |
| 07/19/2022 | | Magistrate Judge Stewart D. Aaron is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (gp) (Entered: 07/19/2022) |
| 07/19/2022 | | Case Designated ECF. (gp) (Entered: 07/19/2022) |
| 07/19/2022 | 5 | ELECTRONIC SUMMONS ISSUED as to Mark Gaunt, John Ledden, Peter Maino, Micahel Nestor, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(gp) (Entered: 07/19/2022) |
| 07/29/2022 | 6 | NOTICE OF APPEARANCE by Andrew Kenneth Rafalaf on behalf of The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 07/29/2022) |
| 07/29/2022 | 7 | CONSENT MOTION for Extension of Time to File Answer *(Letter Motion)*. Document filed by The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 07/29/2022) |
| 08/01/2022 | 8 | ORDER: granting 7 Letter Motion for Extension of Time to Answer re 7 CONSENT MOTION for Extension of Time to File Answer (Letter Motion). The request for an extension is granted. SO ORDERED. The Port Authority of New York and New Jersey answer due 9/9/2022. (Signed by Judge Edgardo Ramos on 8/01/2022) (ama) (Entered: 08/01/2022) |
| 08/08/2022 | 9 | NOTICE OF APPEARANCE by Andrew Kenneth Rafalaf on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow..(Rafalaf, Andrew) (Entered: 08/08/2022) |
| 08/08/2022 | 10 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint,,, addressed to Judge Edgardo Ramos from Andrew K. Rafalaf, Esq. dated August 8, 2022. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow..(Rafalaf, Andrew) (Entered: 08/08/2022) |
| 08/08/2022 | 11 | NOTICE OF APPEARANCE by Megan Lee on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Lee, Megan) (Entered: 08/08/2022) |
| 08/09/2022 | 12 | ORDER: granting 10 Letter Motion for Extension of Time to Answer re 10 LETTER MOTION for Extension of Time to File Answer re: 1 Complaint. addressed to Judge Edgardo Ramos from Andrew K. Rafalaf, Esq. dated August 8, 2022. The request for an extension is granted. SO ORDERED. Mark Gaunt answer due 9/9/2022; John Ledden answer due 9/9/2022; Peter Maino answer due 9/9/2022; Steven Pasichow answer due 9/9/2022. (Signed by Judge Edgardo Ramos on 8/09/2022) (ama) (Entered: 08/09/2022) |
| 08/10/2022 | 13 | AFFIDAVIT OF SERVICE. James Luckie served on 7/20/2022, answer due 8/10/2022. Service was accepted by Ana S.. Document filed by James |

| | | |
|---|---|---|
| | | Luckie..(Grossman, David) (Entered: 08/10/2022) |
| 08/10/2022 | 14 | AFFIDAVIT OF SERVICE. Port Authority Inspector General served on 7/22/2022, answer due 8/12/2022. Service was accepted by Sandra S.. Document filed by James Luckie..(Grossman, David) (Entered: 08/10/2022) |
| 08/10/2022 | 15 | AFFIDAVIT OF SERVICE. Steven Pasichow served on 7/22/2022, answer due 9/9/2022. Service was accepted by Steven Pasichow. Document filed by James Luckie..(Grossman, David) (Entered: 08/10/2022) |
| 08/10/2022 | 16 | AFFIDAVIT OF SERVICE. Peter Maino served on 7/21/2022, answer due 9/9/2022. Service was accepted by Peter Maino. Document filed by James Luckie..(Grossman, David) (Entered: 08/10/2022) |
| 08/10/2022 | 17 | AFFIDAVIT OF SERVICE. John Ledden served on 7/22/2022, answer due 9/9/2022. Service was accepted by John Ledden. Document filed by James Luckie..(Grossman, David) (Entered: 08/10/2022) |
| 09/09/2022 | 18 | ANSWER to 1 Complaint,,, with JURY DEMAND. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 09/09/2022) |
| 10/27/2022 | 19 | NOTICE OF INITIAL COURT CONFERENCE: This matter has been scheduled for an initial case management and scheduling conference, pursuant to Fed. R. Civ. P. 16, on December 2, 2022 at 9:30 a.m. The conference will be held by telephone. The parties are instructed to call the Court at (877) 411−9748 and use access code 3029857#. PLAINTIFF, OR COUNSEL FOR PLAINTIFF(S) SHALL NOTIFY ALL PARTIES IN WRITING AND PROVIDE ALL PARTIES WITH A COPY OF THIS NOTICE AND THE ATTACHED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER, UNLESS THE CASE HAS BEEN REMOVED FROM STATE COURT, IN WHICH EVENT COUNSEL FOR THE REMOVING DEFENDANT(S) SHALL PROVIDE SUCH NOTICE TO ALL PARTIES. Initial Conference set for 12/2/2022 at 09:30 AM before Judge Edgardo Ramos. (ama) (Entered: 10/27/2022) |
| 11/30/2022 | 20 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 11/30/2022) |
| 11/30/2022 | 21 | PROPOSED PROTECTIVE ORDER. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 11/30/2022) |
| 12/02/2022 | 22 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f): All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Non−expert depositions shall be completed by June 15, 2023. Deposition due by 9/15/2023. All Discovery due by 9/15/2023. The Magistrate Judge assigned to this case is the Hon. Stewart Aaron. The next Case Management Conference set for 9/15/2023 at 10:00 AM before Judge Edgardo Ramos. And as set forth herein. SO ORDERED. (Signed by Judge Edgardo Ramos on 12/02/2022) (ama) (Entered: 12/02/2022) |
| 12/02/2022 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Initial Pretrial Conference held on 12/2/2022 by telephone. Plaintiff's and Defendants' counsel present. Case management plan signed. A case management conference is scheduled for September 15, 2023 at 10:00 AM. (jar) (Entered: 01/06/2023) |
| 04/21/2023 | 23 | FIRST LETTER MOTION for Conference addressed to Judge Edgardo Ramos from Robert Kerrigan dated April 21, 2023. Document filed by James Luckie..(Grossman, David) (Entered: 04/21/2023) |
| 04/24/2023 | 24 | ORDER entered 23 Letter Motion for Conference. Defendants is directed to respond by Friday, April 26, 2023. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 04/24/2023) |

| | | |
|---|---|---|
| 04/28/2023 | 25 | LETTER RESPONSE to Motion addressed to Judge Edgardo Ramos from Andew K. Rafalaf dated 4/28/23 re: 23 FIRST LETTER MOTION for Conference addressed to Judge Edgardo Ramos from Robert Kerrigan dated April 21, 2023. . Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 04/28/2023) |
| 05/01/2023 | 26 | MEMO ENDORSEMENT: on re: 25 Response to Motion, filed by John Ledden, Mark Gaunt, Steven Pasichow, The Port Authority of New York and New Jersey, Peter Maino. ENDORSEMENT: Plaintiff is directed to respond by Wednesday, May 3, 2023.SO ORDERED., ( Responses due by 5/3/2023) (Signed by Judge Edgardo Ramos on 5/01/2023) (ama) (Entered: 05/01/2023) |
| 05/03/2023 | 27 | FIRST LETTER MOTION for Conference *regarding discovery* addressed to Judge Edgardo Ramos from Robert Kerrigan dated May 3, 2023. Document filed by James Luckie..(Grossman, David) (Entered: 05/03/2023) |
| 05/04/2023 | 28 | ORDER granting 27 Letter Motion for Conference. A pre−motion conference will be held on May 16, 2023 at 10:30 AM by telephone. The parties are instructed to call (877) 411−9748 and enter access code 3029857# when prompted. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 05/04/2023) |
| 05/15/2023 | 29 | LETTER RESPONSE to Motion addressed to Judge Edgardo Ramos from Andrew K. Rafalaf dated May 15, 2023 re: 23 FIRST LETTER MOTION for Conference addressed to Judge Edgardo Ramos from Robert Kerrigan dated April 21, 2023., 27 FIRST LETTER MOTION for Conference *regarding discovery* addressed to Judge Edgardo Ramos from Robert Kerrigan dated May 3, 2023. . Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Rafalaf, Andrew) (Entered: 05/15/2023) |
| 05/15/2023 | 30 | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Edgardo Ramos on 5/15/2023) (rro) (Entered: 05/15/2023) |
| 05/15/2023 | 31 | NOTICE OF APPEARANCE by Kathleen Gill Miller on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Miller, Kathleen) (Entered: 05/15/2023) |
| 05/16/2023 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Pre−Motion Conference held on 5/16/2023 by telephone. Parties directed to continue with discovery and to meet and confer if there are any deficiencies. After they meet and confer they can return to seek the Courts assistance. The parties are directed to submit an appropriate and reasonable extension to the discovery for the Court to enter an amended discovery order. (jar) (Entered: 06/06/2023) |
| 06/14/2023 | 32 | LETTER addressed to Judge Edgardo Ramos from Kathleen Gill Miller, Esq, dated June 14, 2023 re: Amended Civil Case Discovery Plan and Scheduling Order. Document filed by Mark Gaunt, John Ledden, Peter Maino, Micahel Nestor, Steven Pasichow, The Port Authority of New York and New Jersey. (Attachments: # 1 Text of Proposed Order Amended Civil Case Discovery Plan and Scheduling Order).(Miller, Kathleen) (Entered: 06/14/2023) |
| 06/15/2023 | 33 | CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f): All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Non−expert depositions shall be completed by 11/15/2023. Expert Deposition due by 2/15/2024. All Discovery due by 2/15/2024. The Magistrate Judge assigned to this case is the Hon. Stewart Aaron. The next Case Management Conference set for 2/15/2024 at 11:00 AM before Judge Edgardo Ramos. and as set forth herein. SO ORDERED. (Signed by Judge Edgardo Ramos on 6/15/2023) (ama) (Entered: 06/15/2023) |
| 08/11/2023 | 34 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Kathleen Gill Miller dated 8/11/2023. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Miller, Kathleen) (Entered: 08/11/2023) |

| | | |
|---|---|---|
| 08/14/2023 | 35 | ORDER granting 34 Letter Motion for Extension of Time to Complete DiscoveryThe parties' amended case management plan is approved. The case management conference is hereby rescheduled to April 5, 2024 at 11:00 a.m. The parties are reminded to call (877) 411−9748 and enter access code 3029857# when prompted. SO ORDERED. (Signed by Judge Edgardo Ramos on 8/14/2023) (jca) (Entered: 08/14/2023) |
| 08/14/2023 | | Set/Reset Deadlines: (Deposition due by 4/5/2024.), Set/Reset Hearings: (Telephone Conference set for 4/5/2024 at 11:00 AM before Judge Edgardo Ramos.) (jca) (Entered: 08/14/2023) |
| 10/03/2023 | 36 | NOTICE of Substitution of Attorney. Old Attorney: Andrew K. Rafalaf, New Attorney: Kathleen Gill Miller, Address: Port Authority Law Department, 4 World Trade Center, 150 Greenwich Street − 24th Floor, New York, New York, New York 10007, 2124353434. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(Miller, Kathleen) (Entered: 10/03/2023) |
| 10/25/2023 | 37 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Robert Kerrigan dated October 25, 2023. Document filed by James Luckie..(Grossman, David) (Entered: 10/25/2023) |
| 10/27/2023 | 38 | ORDER granting 37 Letter Motion for Extension of Time to Complete Discovery. The revised case management plan is approved. The April 5, 2024 case management conference is adjourned to August 7, 2024, at 11 a.m. SO ORDERED.. (Signed by Judge Edgardo Ramos on 10/27/2023) (ks) (Entered: 10/27/2023) |
| 10/27/2023 | | Set/Reset Hearings:( Telephone Conference set for 8/7/2024 at 11:00 AM before Judge Edgardo Ramos.), Set/Reset Deadlines: ( Deposition due by 8/5/2024., Discovery due by 8/5/2024.) (ks) (Entered: 10/27/2023) |
| 05/02/2024 | 39 | NOTICE OF APPEARANCE by David C. Grossman on behalf of James Luckie..(Grossman, David) (Entered: 05/02/2024) |
| 05/07/2024 | 40 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Dennis Kelly dated May 7, 2024. Document filed by James Luckie. Return Date set for 12/6/2024 at 10:00 AM..(Grossman, David) (Entered: 05/07/2024) |
| 05/10/2024 | 41 | ORDER granting 40 Letter Motion for Extension of Time to Complete Discovery The revised case management plan is approved. The August 7, 2024 case management conference is adjourned to December 6, 2024, at 11 a.m. in Courtroom 619, 40 Centre Street, New York, NY 10007. SO ORDERED. (Signed by Judge Edgardo Ramos on 5/10/2024) (jca) (Entered: 05/10/2024) |
| 05/10/2024 | | Set/Reset Deadlines: (Deposition due by 12/2/2024., Discovery due by 12/6/2024.), Set/Reset Hearings: (Case Management Conference set for 12/6/2024 at 11:00 AM in Courtroom 619, 40 Centre Street, New York, NY 10007 before Judge Edgardo Ramos.) (jca) (Entered: 05/10/2024) |
| 06/14/2024 | 42 | NOTICE OF APPEARANCE by Andres Casas on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Casas, Andres) (Entered: 06/14/2024) |
| 09/18/2024 | 43 | MEMO ENDORSEMENT on re: 36 Notice of Substitution of Attorney. Attorney Andrew Kenneth Rafalaf terminated. So Ordered. (HEREBY ORDERED by Judge Edgardo Ramos) (Text Only Order) (jar) (Entered: 09/18/2024) |
| 10/01/2024 | 44 | LETTER MOTION for Extension of Time *to complete discovery* addressed to Judge Edgardo Ramos from Dennis Kelly dated October 1, 2024., LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Dennis Kelly dated October 1, 2024. Document filed by James Luckie..(Grossman, David) (Entered: 10/01/2024) |
| 10/02/2024 | 45 | ORDER granting 44 Letter Motion for Extension of Time; granting 44 Letter Motion for Extension of Time to Complete Discovery. The application for an extension of time to complete discovery is granted. All discovery shall be completed by March 24, 2025. The December 6 case management conference is adjourned to April 2, 2025, at |

| | | |
|---|---|---|
| | | 11:30 a.m. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 10/02/2024) |
| 10/02/2024 | | Set/Reset Hearings: Case Management Conference set for 4/2/2025 at 11:30 AM before Judge Edgardo Ramos. (jar) (Entered: 10/02/2024) |
| 10/29/2024 | 46 | LETTER MOTION for Extension of Time to Complete Discovery *(Non−Expert Depositions)* addressed to Judge Edgardo Ramos from Andres Casas, Esq. dated October 29, 2024. Document filed by The Port Authority of New York and New Jersey, John Ledden, Steven Pasichow, Peter Maino, Mark Gaunt..(Casas, Andres) (Entered: 10/29/2024) |
| 11/01/2024 | 47 | ORDER granting 46 Letter Motion for Extension of Time to Complete Discovery. Non−expert depositions shall be completed by March 14, 2024. (HEREBY ORDERED by Judge Edgardo Ramos)(Text Only Order) (jar) (Entered: 11/01/2024) |
| 12/27/2024 | 48 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Andres Casas, Esq. dated December 27, 2024. Document filed by The Port Authority of New York and New Jersey, John Ledden, Steven Pasichow, Peter Maino, Mark Gaunt..(Casas, Andres) (Entered: 12/27/2024) |
| 12/30/2024 | 49 | ORDER granting 48 Letter Motion for Extension of Time to Complete Discovery Expert reports shall be served by April 2, 2025 and rebuttal expert reports shall be served byMay 5, 2025. The April 2 case management conference is adjourned to May 8, 2025, at 11 a.m. and will occur in person at the Thurgood Marshal United States Courthouse, 40 Foley Square, New York, New York 10007, Courtroom 619. SO ORDERED.. (Signed by Judge Edgardo Ramos on 12/30/2024) (jca) (Entered: 12/30/2024) |
| 12/30/2024 | | Set/Reset Hearings: Case Management Conference set for 5/8/2025 at 11:00 AM in Courtroom 619, 40 Centre Street, New York, NY 10007 before Judge Edgardo Ramos. (jca) (Entered: 12/30/2024) |
| 03/06/2025 | 50 | FOURTH LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Edgardo Ramos from Dennis Kelly, Esq. dated March 6, 2025. Document filed by James Luckie..(Grossman, David) (Entered: 03/06/2025) |
| 03/07/2025 | 51 | ORDER granting 50 Letter Motion for Extension of Time to Complete DiscoveryPlaintiff's request to extend the discovery deadline to July 11, 2025 is granted. Case management conference is adjourned to July 11, 2025, at 11:30am. SO ORDERED. (Signed by Judge Edgardo Ramos on 3/7/2025) (jca) (Entered: 03/07/2025) |
| 03/07/2025 | | Set/Reset Deadlines: ( Deposition due by 6/27/2025., Discovery due by 7/11/2025.), Set/Reset Hearings:( Case Management Conference set for 7/11/2025 at 11:30 AM before Judge Edgardo Ramos.) (jca) (Entered: 03/07/2025) |
| 07/10/2025 | 52 | NOTICE OF APPEARANCE by Gemini Anthony Nazareno, Jr on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Nazareno, Gemini) (Entered: 07/10/2025) |
| 07/29/2025 | 53 | NOTICE OF APPEARANCE by Dennis Kelly on behalf of James Luckie..(Kelly, Dennis) (Entered: 07/29/2025) |
| 08/25/2025 | 54 | LETTER MOTION for Extension of Time to File *Summary Judgment Briefing* addressed to Judge Edgardo Ramos from Kathleen Gill Miller dated 8/25/2025. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Miller, Kathleen) (Entered: 08/25/2025) |
| 08/26/2025 | 55 | ORDER granting 54 Letter Motion for Extension of Time to File. Defendants' request is granted. The Court sets the following updated briefing schedule: (1) moving papersdue October 2, 2025; (2) opposition due November 3,2025; and (3) reply due November 17, 2025. SO ORDERED.. (Signed by Judge Edgardo Ramos on 8/26/2025) (jca) (Entered: 08/26/2025) |
| 08/26/2025 | | Set/Reset Deadlines: Motions due by 10/2/2025. Responses due by 11/3/2025 Replies due by 11/17/2025. (jca) (Entered: 08/26/2025) |

| | | |
|---|---|---|
| 09/19/2025 | 56 | NOTICE OF APPEARANCE by Nicholas Mino on behalf of Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Mino, Nicholas) (Entered: 09/19/2025) |
| 09/19/2025 | 57 | LETTER MOTION for Extension of Time to File *Motion for Summary Judgment* addressed to Judge Edgardo Ramos from Nicholas Mino, Esq. dated September 18, 2025. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey. (Attachments: # 1 Proposed Order Amended Civil Case Discovery Plan and Scheduling Order).(Mino, Nicholas) (Entered: 09/19/2025) |
| 09/22/2025 | 58 | AMENDED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER granting 57 Letter Motion for Extension of Time to File. The undersigned counsel for Plaintiff and the Defendants submit this proposed Amended CivilCase Scheduling Order pursuant to Fed. R. Civ. P. 16 and 26(f) as follows:1. Motion for Summary Judgment Briefing Schedule:a. Defendant's Motion for Summary Judgment no later than November 3, 2025.b. Plaintiff's Opposition to Defendant's Motion for Summary Judgment no later thanDecember 1, 2025.c. Defendant's Reply Motion for Summary Judgment no later than December 16,2025. SO ORDERED. (Signed by Judge Edgardo Ramos on 9/22/2025) (jca) (Entered: 09/22/2025) |
| 09/22/2025 | | Set/Reset Deadlines: Motions due by 11/3/2025. Responses due by 12/1/2025 Replies due by 12/16/2025. (jca) (Entered: 09/22/2025) |
| 11/03/2025 | 59 | MOTION for Summary Judgment . Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey. Responses due by 12/1/2025.(Nazareno, Gemini) (Entered: 11/03/2025) |
| 11/03/2025 | 60 | RULE 56.1 STATEMENT. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(Nazareno, Gemini) (Entered: 11/03/2025) |
| 11/03/2025 | 61 | DECLARATION of Gemini Nazareno in Support re: 59 MOTION for Summary Judgment .. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey. (Attachments: # 1 Exhibit A − John Ledden Deposition, # 2 Exhibit B − Steven Pasichow Deposition, # 3 Exhibit C − Peter Maino Deposition, # 4 Exhibit D − Mark Gaunt Deposition, # 5 Exhibit E − James Luckie Deposition, # 6 Exhibit F − James Luckie Deposition 2, # 7 Exhibit G − Robert Singleton Deposition, # 8 Exhibit H − Gerard Murphy Deposition, # 9 Exhibit I − Gerard Murphy Deposition 2, # 10 Exhibit J − Grand Jury Transcript, # 11 Exhibit K − PA C&W Site−Wide Management Agreement for WTC, # 12 Exhibit L − Alan Heaney Grand Jury Transcript, # 13 Exhibit M − Sassenarine Persaud Grand Jury Transcript, # 14 Exhibit N − PA OIG's Memorandum by John Ledden 03132018, # 15 Exhibit O − Grand Jury Indictment, # 16 Exhibit P − Decision & Order, # 17 Exhibit Q − Email from Luckie to Garrison, # 18 Exhibit R − Email from Luckie to Angerame, # 19 Exhibit S − Cornell v. Kapral, # 20 Exhibit T − Roland v. City of New York).(Nazareno, Gemini) (Entered: 11/03/2025) |
| 11/03/2025 | 62 | MEMORANDUM OF LAW in Support re: 59 MOTION for Summary Judgment . . Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(Nazareno, Gemini) (Entered: 11/03/2025) |
| 11/17/2025 | 63 | FIRST LETTER MOTION for Extension of Time to File Response/Reply addressed to Judge Edgardo Ramos from Dennis Kelly dated November 17, 2025. Document filed by James Luckie..(Kelly, Dennis) (Entered: 11/17/2025) |
| 11/17/2025 | 64 | ORDER granting 63 Letter Motion for Extension of Time to File Response/Reply re 59 MOTION for Summary Judgment . The application is granted. Responses due by 1/5/2026; Replies due by 1/20/2026. (Signed by Judge Edgardo Ramos on 11/17/2025) (tro) (Entered: 11/18/2025) |
| 01/05/2026 | 65 | MEMORANDUM OF LAW in Opposition re: 59 MOTION for Summary Judgment . . Document filed by James Luckie. (Attachments: # 1 Affidavit Plaintiff's Rule 56.1 Statement, # 2 Affidavit Declaration of Dennis Kelly, Esq., # 3 Exhibit Exhibit 1− Light Fixture Safety email chain, # 4 Exhibit Exhibit 2− Brookfield Feeder |

| | | |
|---|---|---|
| | | replacement email chain, # 5 Exhibit Exhibit 3− Certified pay roll form email chain, # 6 Exhibit Exhibit 4− Port Authority Memorandum− Allen Heaney 11−4−16, # 7 Exhibit Exhibit 5− James Robson's ebt dated 10−31−24, # 8 Exhibit Exhibit 6− Resume).(Kelly, Dennis) (Entered: 01/05/2026) |
| 01/20/2026 | 66 | REPLY MEMORANDUM OF LAW in Support re: 59 MOTION for Summary Judgment . . Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey. (Attachments: # 1 Exhibit U − Minott v Duffy).(Nazareno, Gemini) (Entered: 01/20/2026) |
| 01/20/2026 | 67 | DECLARATION of Gemini Nazareno, Esq. in Support re: 59 MOTION for Summary Judgment .. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey. (Attachments: # 1 Exhibit A − Deposition Transcript of John Ledden, # 2 Exhibit B − Deposition Transcript of Steven Pasichow, # 3 Exhibit C − Deposition Transcript of Peter Maino, # 4 Exhibit D − Deposition Transcript of Mark Gaunt, # 5 Exhibit E − Deposition Transcript of James Luckie, # 6 Exhibit F − Deposition Transcript of James Luckie (Vol. 2), # 7 Exhibit G − Deposition Transcript of Robert Singleton, # 8 Exhibit H − Deposition Transcript of Gerard Murphy, # 9 Exhibit I − Deposition Transcript of Gerard Murphy (Vol. 2), # 10 Exhibit J − Grand Jury Transcript − In re Investigation into Bribery/Commercial Bribery Allegations at World Trade Center, # 11 Exhibit K − Site−Wide Management Agreement Between the Port Authority and Cushman & Wakefield, # 12 Exhibit L − Grand Jury Transcript of Alan Heaney − In re Investigation into Bribery/Commercial Bribery Allegations at World Trade Center, # 13 Exhibit M − Grand Jury Transcript of Sassenarine Persaud − In re Investigation into Bribery/Commercial Bribery Allegations at World Trade Center, # 14 Exhibit N − Port Authority's Inspector Generals Offices Memorandum by John Ledden, # 15 Exhibit O − Grand Jury Indictment − People of the State of New York v. James Luckie, Paul Angerame and Michael Garrison, # 16 Exhibit P − Decision and Order − People of the State of New York v. James Luckie, Paul Angerame and Michael Garrison, # 17 Exhibit Q − 4/27/17 Email Exchange from James Luckie to Michael Garrison, # 18 Exhibit R − 1/31/14 Email Exchange from James Luckie to Paul Angerame, # 19 Exhibit S − Cornell v. Kapral, # 20 Exhibit T − Roland v. The City of New York).(Nazareno, Gemini) (Entered: 01/20/2026) |
| 01/20/2026 | 68 | RESPONSE *to Plaintiff's Rule 56.1 Statement*. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey..(Nazareno, Gemini) (Entered: 01/20/2026) |
| 01/20/2026 | 69 | LETTER addressed to Judge Edgardo Ramos from Gemini Nazareno, Esq. dated January 20, 2026 re: Certification of Word Count for Memorandum of Law in Support of Motion for Summary Judgment [Doc. 62]. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, Port Authority Inspector General, The Port Authority of New York and New Jersey. (Attachments: # 1 Exhibit Certification of Word Count for Memorandum of Law in Support of Motion for Summary Judgment [Doc. 62]).(Nazareno, Gemini) (Entered: 01/20/2026) |
| 07/22/2026 | 70 | OPINION & ORDER re: 59 MOTION for Summary Judgment . filed by John Ledden, Port Authority Inspector General, Mark Gaunt, Steven Pasichow, The Port Authority of New York and New Jersey, Peter Maino.For the reasons set forth above, Defendants' motion for summary judgment is GRANTED. The Clerk of Cour is respectfully directed to terminate the motion, Doc. 59, and close the case. It is SO ORDERED. (Signed by Judge Edgardo Ramos on 7/22/2026) (sgz) Transmission to Orders and Judgments Clerk for processing. (Entered: 07/23/2026) |
| 07/23/2026 | 71 | LETTER addressed to Judge Edgardo Ramos from Nicholas Mino, Esq. dated July 23, 2026 re: Withdrawal of Andres Casas, Esq., Gemini Nazareno, Jr, Esq. and Kathleen Gill Miller, Esq. as Attorneys. Document filed by Mark Gaunt, John Ledden, Peter Maino, Steven Pasichow, The Port Authority of New York and New Jersey..(Mino, Nicholas) (Entered: 07/23/2026) |
| 07/24/2026 | 72 | ENDORSED LETTER addressed to Judge Edgardo Ramos from Nicholas Mino dated 7/23/2026 re: request to withdraw counsel of record. ENDORSEMENT: The application to withdraw as counsel of record Mr. Casas, Mr. Nazareno, Jr. and Ms. Miller is granted. (Signed by Judge Edgardo Ramos on 7/24/2026) (jar) (Entered: |

| | | |
|---|---|---|
| | | 07/24/2026) |
| 07/24/2026 | 73 | CLERK'S JUDGMENT re: 70 Opinion & Order. in favor of Port Authority Inspector General, The Port Authority of New York and New Jersey, John Ledden, Mark Gaunt, Micahel Nestor, Peter Maino, Steven Pasichow against James Luckie. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated July 22, 2026, Defendants' motion for summary judgment is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 7/24/2026) (Attachments: # 1 Notice of right to appeal) (nd) (Entered: 07/24/2026) |
| 08/18/2026 | 74 | NOTICE OF APPEAL from 73 Clerk's Judgment,,. Document filed by James Luckie. Filing fee $ 605.00, receipt number ANYSDC−33305260. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit Opinion and Order).(Kelly, Dennis) (Entered: 08/18/2026) |
| 08/18/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 74 Notice of Appeal. (tp) (Entered: 08/18/2026) |
| 08/18/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 74 Notice of Appeal, filed by James Luckie were transmitted to the U.S. Court of Appeals. (tp) (Entered: 08/18/2026) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES LUCKIE,

Plaintiff,

*– against –*

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; PORT AUTHORITY INSPECTOR GENERAL; JOHN LEDDEN, *individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General*; MICHAEL NESTOR, *individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General*; STEVEN PASICHOW, *individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General*; PETER MAINO, *individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General; and* MARK GAUNT, *individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General*,

Defendants.

**OPINION & ORDER**

22-cv-6114 (ER)

RAMOS, D.J.:

James Luckie filed this suit against the Port Authority of New York and New Jersey (the "Port Authority"), the Port Authority Inspector General, and five employees of the Port Authority (collectively "Defendants"). Doc. 1. In 2019, Luckie was indicted in New York state court for bribery in connection with his work at the World Trade Center ("WTC"), a property owned by the Port Authority. Doc. 60 ¶¶ 26, 138. The indictment was ultimately dismissed for insufficient evidence. *Id.* ¶ 143; Doc. 67-16. Luckie then filed the instant action, alleging that Defendants caused his wrongful arrest and malicious

prosecution by the New York State Attorney General's Office. Doc. 1. Before the Court is Defendants' motion for summary judgment on all claims. Doc. 59. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

### A. Factual Background[1]

#### *1. The Parties*

The Port Authority is a bi-state governmental agency created by a compact between the states of New York and New Jersey. Doc. 60 ¶ 1. The Port Authority owned the WTC and hired private companies to manage it. *Id.* ¶ 26. On June 25, 2013, it entered into a 7-year site-wide management agreement with Cushman & Wakefield. *Id.* The next year, Cushman & Wakefield retained Hatzel & Buehler to provide electrical maintenance services at the WTC for three years. *Id.* ¶ 28.

The individual Defendants in this action are employees of the Port Authority: John Ledden is an investigator with the Inspector General's Office, *id.* ¶ 2; Steven Pasichow was the Director of Investigations with the Inspector General's Office, *id.* ¶ 4; Peter Maino was a supervisory police investigator, *id.* ¶ 7; and Mark Gaunt was a patrolman with the Port Authority police department, *id.* ¶ 9.

Before he was fired, Luckie worked as the electrical operations manager for Cushman & Wakefield at the WTC. *Id.* ¶ 18. He started to work at the WTC in 2012. *Id.* ¶ 11. At the time, he was employed by O'Hare Construction. *Id.* He transferred from O'Hare to Cushman & Wakefield in the summer of 2013. *Id.* ¶ 12. Although he was a Cushman & Wakefield employee, he had an office at the WTC and was given a Port

[1] The following facts are taken from the parties' Rule 56.1 statements and the materials submitted in connection with the motion. Although the Court is not required to consider facts outside of the parties' Rule 56.1 statements, it may do so in its own discretion. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Moreover, the Court treats as admitted the facts set forth in the Rule 56.1 statements "unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1; *Cequel Communications LLC v. Mox Networks, LLC*, No. 21-cv-5577 (NRB), 2024 WL 3924709, at *1 (S.D.N.Y. Aug. 23, 2024).

Authority cell phone, landline phone, laptop, and email address and access to the Port Authority's website. *Id.* ¶ 37.

*2. Luckie's Role in the Electrical Service Contract Being Rewarded to Hatzel & Buehler*

In January 2014, before Cushman & Wakefield issued any request for proposal ("RFP") for the three-year electrical services contract at the WTC, Luckie sent Paul Angerame, the vice president of Hatzel & Buehler, an email regarding a short-term project:

> Paul, I am going to send you a copy for your review. It['s] nothing huge but the intention is to get a foot in the door [. . . .] We will be putting out an RFP later this year for a larger period of time. Setting this up will [. . .] serve us two-fold[.] [I] could use [Hatzel & Buehler] for work that would come up and additional[ly] get you familiar with the campus [. . . .] Have a great day love you me [sic] brother[,] Jimmy.

*Id.* ¶ 56; Doc. 60-18. Luckie knew Angerame from when they worked together at Forest Electric, another electrical services provider. Doc. 60 ¶¶ 22–23. In fact, Luckie listed Angerame as a reference when he first applied for a position at Cushman & Wakefield. Doc. 68 ¶ 63; Doc. 61-5 at 147. Thereafter, Luckie included Hatzel & Buehler on the distribution list for the RFP for the three-year contract. Doc. 60 ¶ 57.

Luckie drafted the technical requirements for the RFP, served as a point of contact for bidders with questions, evaluated the bids, and along with other members of the review committee, recommended Hatzel & Buehler for the contract. *Id.* ¶¶ 58–59, 61; Doc. 68 ¶ 61. Not all of the members on the review committee had a background in electrical maintenance as Luckie did. Doc. 60 ¶ 63.

*3. Luckie's Role in Approving Work Outside the Three-year Contract*

In addition to maintenance under the three-year contract, Hatzel & Buehler also did other work for the WTC. Doc. 68 ¶ 67. The parties dispute whether Luckie authorized the additional work and what role, if any, Luckie played in awarding Hatzel &

Buehler the additional work. *Id.*; Doc. 65-1 ¶¶ 65–71. For example, the parties dispute whether Luckie awarded the Brookfield Feeder project to Hatzel & Buehler.[2] Luckie argues that James Kleeman, a Port Authority official in charge of the redevelopment of the WTC, directed Cushman & Wakefield to have Hatzel & Buehler work on the project. Doc. 65-1 ¶ 66. Defendants argue that Luckie "oversaw" the project and "was involved in the contract going to Hatzel & Buehler."[3] Doc. 68 ¶ 67.

John Ledden, the Port Authority investigator responsible for the investigation of Luckie, testified in his deposition that the Brookfield Feeder project was determined to be an "emergency" that did not go through a bidding process. Doc. 67-1 at 218:24–219:9. He believed that the project was in fact not an emergency and that Luckie framed it as an emergency to avoid the bidding process and award it to Hatzel & Buehler. *Id*. at 218:9–219:14, 224:1–225:3.

Ledden also believed that it was Luckie who decided that the Oculus safety chain project should be awarded to Hatzel & Buehler without any bidding process.[4] *Id*. at 175:21–25. However, according to Luckie, Kamran Khan, the head of WTC construction, emailed Luckie to have Hatzel & Buehler complete the project (the "Khan email"). Doc. 65 at 13; Doc. 65-3 at 2. Luckie claims that Ledden and the AG's office had access to the Khan email because Ledden had access to Luckie's electronic devices, which were seized during the investigation, and "Ledden [] indicated that he provided his

---

[2] The Brookfield Feeder project concerned an auxiliary electrical line that brought electricity into the WTC when the primary and secondary lines were disrupted. Doc. 67-1 at 217:10–17. This auxiliary line needed to be repaired because it was damaged after a flood. *Id*. at 218:5-23; Doc. 67-7 at 124:12–19.

[3] In support of their argument, Defendants cite to Robert Singleton's testimony before the grand jury and deposition in the instant action. Doc. 60 ¶ 66; Doc. 68 ¶ 67. Singleton was the general manager of the WTC for Cushman & Wakefield. Doc. 60 ¶ 19. He testified that Luckie "handles any additional services that [Hatzel & Buehler] may provide" and was responsible for "overseeing [Hatzel & Buehler] with respect to those projects." Doc. 67-10 at 48:13–50:1. He also testified that Kleeman decided that Hatzel & Buehler should be awarded the project but the decision "refers back to conversations" between Kleeman and Luckie. Doc. 67-7 at 123:18–124:4.

[4] The Oculus safety chain project involved installing safety chains on light fixture trims around the ring of the Oculus, the transportation hub at the WTC. Doc. 65-3.

entire file to the AG['] office." Doc. 65 at 13–14; Doc. 67-10 at 163:11–21, 166:12–17; Doc. 67-1 at 187:14–25; Doc. 60 ¶ 125. But Ledden testified that he did not have a recollection of the Khan email prior to his deposition, when Luckie's attorney presented him the email. Doc. 67-1 at 190:18–22.

*4. The Hiring of Unqualified Mechanics*

At the WTC, mechanics that provide basic electrical maintenance work are called Division of Building and Maintenance ("DBM") mechanics[5], as opposed to "A-journeymen," who install the electrical equipment. Doc. 67-5 at 30: 21–32:10. Pursuant to its contract with Cushman & Wakefield, Hatzel & Buehler was required to retain DBM mechanics for the WTC. Doc. 60 ¶ 75. After Luckie's termination, the DBM mechanics at the WTC were reviewed for their qualifications. *Id.* ¶ 81. Seven individuals were terminated for being unqualified. *Id.* Four of the fired DBM mechanics were identified as being related to Luckie or Hatzel & Buehler: James Sheehan was a friend of Luckie's son, *id.* ¶ 82; Anthony Fanesi was the son of Luckie's friend, *id.* ¶ 83; Justin Rodriguez was a friend of Luckie's friend, *id.* ¶ 84; and Mark Garrison was the brother of Michael Garrison, a project manager at Hatzel & Buehler and a past colleague of Luckie's, *id.* ¶¶ 24, 80.

The parties dispute Luckie's role in hiring the unqualified DBM mechanics. Luckie claims that he was not involved in every interview and that the ultimate responsibility to hire rested with Hatzel & Buehler. Doc. 65-1 ¶ 77. Defendants allege that Luckie participated in the interview and hiring process.[6] Doc. 68 ¶ 78. But there is

[5] In the Rule 56.1 statements, Defendants refer to workers who perform basic electrical maintenance work interchangeably as "DBM mechanics" and "DBM electricians." Docs. 60, 68. In this Opinion, the Court uses the term "DBM mechanics."

[6] In support of this allegation, Defendants cite to Luckie's deposition where he stated that he participated in the interview of the DBM mechanics. Doc. 67-5 at 34:13–21. But later during the deposition, Luckie clarified that he only participated in the first two or three interviews and the rest of the interviews were conducted by contractors and the union. *Id.* at 34:25–35:7.

no dispute that the seven unqualified individuals were approved by Luckie.[7] Doc. 60 ¶ 79.

*5. Investigation by the Inspector General's Office*

In 2016, the Port Authority Inspector General's Office received an email complaining that unqualified electricians were working at the WTC. *Id.* ¶ 40. This email was sent by Alan Heaney, a high-tension operator on site. *Id.* ¶ 41. Under the direction of the United States Attorney's Office for the Southern District of New York, Ledden opened an investigation. *Id.* ¶ 51. After that initial investigation, however, the U.S. Attorney's office declined to prosecute the case. *Id.* ¶¶ 51–53. The New York County District Attorney's office also declined to prosecute. *Id.* ¶ 54. But the New York State Attorney General's Office took over the investigation from the U.S. Attorney's office. *Id.* ¶ 55. Assistant Attorney General ("AAG") Gerard Murphy led the investigation. *Id.* ¶¶ 14, 125. They instructed Ledden to turn over all the relevant documents in his possession. *Id.* ¶ 125. Murphy also consulted with Ledden as to which witnesses he should interview. *Id.* ¶ 126.

*6. The Grand Jury Hearing*

After meeting with a number of witnesses, reviewing documents received from the U.S. Attorney's office and from Ledden, and verifying the authenticity of the evidence, AAG Murphy decided to present the case to a grand jury. *Id.* ¶¶ 126–30. He controlled which witnesses to call and decided what questions to ask the witnesses. *Id.* ¶ 134.

Ledden was called to testify before the grand jury. *Id.* ¶¶ 103–08. He testified about his interview with Luckie during the initial investigation. *Id.* ¶ 104. He also

---

[7] Luckie denies paragraph 77 of Defendants' Rule 56.1 statement, which states that "[o]nce Hatzel & Buehler took over the contract, they began supplying untrained electricians, who were approved by Luckie." Doc. 65-1 ¶ 77. But he does not deny paragraph 79—"[the hiring of the seven unqualified DBM mechanics] had been approved by Luckie." Doc. 65-1 ¶ 79.

testified that Michael Garrison, a project manager with Hatzel & Buehler, told him that Luckie had to approve anyone hired by Hatzel & Buehler to work at the WTC. *Id.* ¶ 105. Ledden also authenticated emails recovered from Luckie's Port Authority email account. *Id.* ¶ 108. But Luckie notes, and Defendants do not dispute, that Ledden did not testify before the grand jury about the Khan email, which directed Luckie to have Hatzel & Buehler complete the Oculus safety chain project. Doc. 65 at 14.

In addition, the grand jury heard testimony that between 2015 and 2017, Luckie received gifts from Hatzel & Buehler which totaled $17,138, consisting of tickets, meals, golf outings, and car services. Doc. 60 ¶ 118. They also heard that Cushman & Wakefield prohibited employees from accepting gifts with value greater than $50 and that Luckie was informed of this prohibition. *Id.* ¶ 30; Doc. 67-7 at 41:3–43:22. The Port Authority also has a "no gift" policy. Doc. 60 ¶ 114.

Michael Garrison testified that for business entertainment purpose, whenever the firm hosts a client for an event, a representative from Hatzel & Buehler typically attends the event with the client. *Id.* ¶ 112. Hatzel & Buehler gave Luckie a 10-game Knicks ticket package, but no one from the firm attended the games with Luckie. *Id.* ¶¶ 110–11.

On May 29, 2019, the grand jury returned an indictment charging Luckie with five counts: (1) corrupting the government in the first degree; (2) bribe receiving in the second degree; (3) commercial bribe receiving in the first degree; (4) receiving reward for official misconduct in the second degree; and (5) receiving reward for official misconduct in the second degree. *Id.* ¶ 138.

*7. Dismissal of the Indictment*

On November 5, 2020, Luckie moved to dismiss the indictment against him. *Id.* ¶ 142. On July 23, 2021, Justice Wiley of the New York County Supreme Court issued an order, dismissing the indictment based on insufficient evidence. *Id.* ¶ 143; Doc. 67-16 at 15. He found that: (1) Luckie was not a public servant; (2) there was insufficient evidence of an agreement among Luckie, Angerame, and Garrison; and (3) the Port

Authority and Cushman & Wakefield did not suffer economic harm. Doc. 67-16. The Attorney General's Office did not appeal this decision. Doc. 60 ¶ 147.

### B. Procedural History

Luckie filed the instant action on July 18, 2022. Doc. 1. He alleges malicious prosecution pursuant to New York law (count one); intentional infliction of emotional distress (count two); abuse of process (count three); actual and constructive fraud (count four); conspiracy (count five); malicious prosecution pursuant to 42 U.S. Code § 1983, civil action for deprivation of rights (count six); selective prosecution pursuant to § 1983 (count seven); denial of due process (count eight); and negligent hiring, training, and supervision (count nine).[8] *Id*. at 16–27. The parties completed discovery on July 11, 2025. Doc. 51. Defendants moved for summary judgment on all claims on November 3, 2025. Doc. 59.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Medical Center*, 706 F.

---

[8] In the complaint, both selective prosecution and denial of due process are mistakenly labeled as count seven, and negligent hiring is labeled as count ten without any claim being labeled as count nine. Doc. 1 at 16–27. The Court renumbers the causes of action for clarity.

Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise. *Goenaga v. March of Dimes Birth Defects Found*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

## III. DISCUSSION

### A. Malicious Prosecution

Defendants move to dismiss Luckie's malicious prosecution claims pursuant to New York and federal law. Pursuant to New York law, a malicious prosecution claim requires: (1) the initiation of a proceeding; (2) its termination favorable to plaintiff; (3) lack of probable cause; and (4) malice. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)). The tort of malicious prosecution can also give rise to a federal § 1983 claim. *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). To prevail on a federal § 1983 claim for malicious prosecution, a plaintiff must show all the elements of malicious prosecution pursuant to state law, as well as a violation of the plaintiff's right under the Fourth Amendment. *Id*.

The primary issue before the Court is whether there was probable cause supporting the criminal charges against Luckie. Doc. 62 at 13; Doc. 65 at 6. The Court determines that there is no genuine issue of fact with regard to the existence of probable

cause. An indictment by a grand jury creates a presumption of probable cause. *Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004); *Colon,* 60 N.Y.2d at 82. This presumption can only be overcome when the plaintiff presents evidence establishing that the defendants "have not made a complete and full statement of facts either to the [g]rand [j]ury or to the [prosecutor], that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Colon,* 60 N.Y.2d at 82–83; *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015). In determining a malicious prosecution claim, the court is not allowed to "weigh the evidence upon which the police acted or which was before the [g]rand [j]ury after the indictment has issued." *Bertuglia v. Schaffler*, 672 F. App'x 96, 100 (2d Cir. 2016) (summary order) (quoting *Colon,* 60 N.Y.2d at 83).

Here, there is a presumption of probable cause because Luckie was duly indicted by a grand jury. Doc. 60 ¶ 139. Luckie argues that the presumption does not exist in this case because the indictment was subsequently dismissed by Justice Wiley. Doc. 65 at 25. In support of his argument, Luckie cites *Cox v. County of Suffolk*, 827 F. Supp. 935 (E.D.N.Y. 1993). The plaintiff in *Cox* was indicted for sodomy. *Id*. at 937. That indictment was dismissed by a state court judge because the plaintiff was only an unwilling participant in the underlying conduct and there was "a total lack of evidence" supporting his *mens rea*. *Id*. at 939. The *Cox* court acknowledged that there was no evidence of misconduct by the police defendants, except that they continued prosecuting the plaintiff after receiving exculpatory evidence. *Id*. But it held that the presumption of probable cause "disappeared" when the indictment was dismissed by reason of a total lack of evidence. *Id*.

However, *Cox* is an outlier in this Circuit.[9] *See e.g.*, *Soto v. City of New York*, 132 F. Supp. 3d 424, 454–55 (E.D.N.Y. 2015); *Kanciper v. Lato*, No. 13-cv-0871(SJF) (SIL), 2016 WL 11507274, at *24 (E.D.N.Y. Dec. 1, 2016), *aff'd*, 718 F. App'x 24 (2d Cir. 2017). Most importantly, the New York Court of Appeals has clearly held that courts should not weigh the evidence presented to the grand jury and that the presumption of probable cause created by an indictment can only be overcome by evidence that the indictment was produced by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Colon,* 60 N.Y.2d at 83; *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) ("the highest court of a state has the final word on the meaning of state law").

In any event, the instant case is distinguishable from *Cox* because Justice Wiley did not find "a total lack of evidence" supporting any element of the crime charged. Doc. 67-16. Justice Wiley dismissed "all counts of the indictment based on insufficient evidence." *Id*. at 15. Luckie argues that Justice Wiley determined that there was a complete lack of evidence supporting whether: (1) he was a public servant; (2) the Port Authority or Cushman & Wakefield suffered economic harm; and (3) there was an agreement among Luckie, Angerame, and Garrison. Doc. 65 at 7–10. However, there is no language in the decision indicating that Justice Wiley found that there was a total lack of evidence supporting these elements, instead of merely legally insufficient evidence. *Id*. In fact, Justice Wiley acknowledged evidence that the prosecution presented in support of these elements. *See e.g.*, Doc. 67-16 at 8, 10, 13, 15. Therefore, the presumption of probable cause still stands. *See Minott*, 2014 WL 1386583, at *17

[9] Luckie argues that *Minott v. Duffy*, No. 11-cv-1217 (KPF), 2014 WL 1386583 (S.D.N.Y. Apr. 8, 2014), supports the holding in *Cox*. Doc. 65 at 7. Indeed, *Minott* held that "the intuition underlying *Cox's* approach has merit." *Minott*, 2014 WL 1386583, at *17. But this is as far as *Minott* went. *Minott* avoided following *Cox* by distinguishing the facts of the cases. *Id*. It also held that the result in *Cox* is "surprising," given the clarity with which the New York Court of Appeals has held that the presumption of probable cause can only be overcome by evidence of bad faith. *Id*. at *16.

(distinguishing *Cox* and holding that the dismissal of an indictment based on insufficient, instead of a total lack of, evidence did not dissipate the presumption of probable cause); *see also Bertuglia*, 672 F. App'x at 100 ("the dismissals of the indictments due to legally insufficient evidence did not vitiate the presumption of probable cause created by the indictments").

Luckie further contends that the evidence presented in the criminal proceeding did not rise to a level of probable cause because Ledden "fabricated" and misinterpreted certain evidence. Doc. 65 at 11–21. Specifically, as discussed above, Ledden and the AG's office had access to the Khan email that directed Luckie to have Hatzel & Buehler complete the Oculus safety chains project. Doc. 65 at 13–14. Luckie argues that Ledden deliberately mislead the grand jury and fabricated evidence of guilt because he did not mention this email during his testimony. *Id*. at 14. In addition, Ledden claimed that he did not have a recollection of this email when Luckie's attorney presented it to him in his deposition. *Id*. Moreover, he argues that Ledden's interpretation of his role in the procurement process was speculative and Ledden disregarded evidence supporting an innocent interpretation of his conduct. *Id*. at 12, 17.

Because the Court determines that the presumption of probable cause was not vitiated by the dismissal of the indictment, it declines Luckie's invitation to weigh the evidence presented to the grand jury and evaluate whether Ledden fabricated or misinterpreted evidence. *See Colon,* 60 N.Y.2d at 83 (holding that in determining the existence of probable cause for a malicious prosecution claim, courts are not allowed to "weigh the evidence upon which the police acted or which was before the [g]rand [j]ury after the indictment has issued").

Luckie does not directly argue that the presumption of probable cause is rebutted because the indictment was produced by fraud, perjury, or any misconduct of Defendants. Doc. 65. But even if he did, he fails to establish that the indictment was procured by any misconduct. To the extent that he argues that Ledden withheld the Khan email from the

grand jury, this argument requires an unsupported leap: that Ledden had actually seen the email before his grand jury testimony, determined that it was exculpatory, and made a willful decision to suppress it. But Ledden testified in his deposition that he had no prior recollection of this email. Doc. 67-1 at 190:18–22. Moreover, even assuming, *arguendo*, that Ledden had seen the email, the presumption of probable cause would not be rebutted by his failure to volunteer information about it at the grand jury hearing. *See Burgess v. DeJoseph*, 725 F. App'x 36, 39–40 (2d Cir. 2018) (summary order) (holding that the presumption of probable cause was not rebutted by the police defendants' failure to testify to certain exculpatory evidence at the grand jury hearing); *Daly v. Ragona*, No. 11-cv-3836 (JFB) (WDW), 2013 WL 3428185, at *7 (E.D.N.Y. July 9, 2013) (similar). The prosecutor, not Ledden, "had the discretion and authority to decide what evidence to present to the grand jury" and was "under no duty to present every item of arguable exculpatory evidence in seeking an indictment." *Id.* Defendants' motion for summary judgment is granted as to the malicious prosecution claims.[10]

**B. The Remainder of the Claims**

Defendants also moved for summary judgment on Luckie's other claims: intentional infliction of emotional distress, abuse of process, actual and constructive fraud, conspiracy, selective prosecution, denial of due process, and negligent hiring, training, and supervision. Doc. 62 at 16–25. For each claim, they advance arguments as to why summary judgment should be granted in their favor. *Id.* However, Luckie fails to respond to any of these arguments. Luckie only mentions the other claims in the very last sentence of his memorandum by stating that he "requests that the motion for summary judgment be denied based upon the remaining counts in the complaint, as there is a plethora of evidence that raises triable issues of fact for a jury to consider." Doc. 65 at

---

[10] Defendants also argue that the malicious prosecution claims fail for lack of causation. Doc. 62 at 15–16. They argue that AAG Murphy made an independent decision to prosecute Luckie and thus broke the causal chain between any conduct of Defendants and the prosecution of Luckie. *Id.* There is no need for the Court to reach this issue because the Court determines that there was probable cause to prosecute Luckie.

26. But he does not identify any "triable issues of fact" regarding these claims. *Id.* Courts "may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Mayes v. City of Yonkers*, No. 21-cv-00823 (NSR), 2023 WL 8528641, at *3 (S.D.N.Y. Dec. 8, 2023). Considering that Luckie is represented by counsel, these claims are deemed abandoned and therefore dismissed, upon Defendants' request. Doc. 66 at 13; *see Capak v. Epps*, 662 F. Supp. 3d 463, 465 (S.D.N.Y. 2023)(holding that the claim should be deemed abandoned when the plaintiff only opposed to the dismissal of the claim in a conclusory manner without addressing the arguments in support of dismissal put forward by the defendant).

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED. The Clerk of Cour is respectfully directed to terminate the motion, Doc. 59, and close the case.

It is SO ORDERED.

Dated: July 22, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

JAMES LUCKIE,

Plaintiff,

22 **CIVIL** 6114 (ER)

-against-

**JUDGMENT**

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; PORT AUTHORITY INSPECTOR GENERAL; JOHN LEDDEN, individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General; MICHAEL NESTOR, individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General; STEVEN PASICHOW, individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General; PETER MAINO, individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General; and MARK GAUNT, individually and as an employee of the Port Authority of New York and New Jersey Office of Inspector General.

Defendants.

-----------------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 22, 2026, Defendants' motion for summary judgment is GRANTED; accordingly, the case is closed.

**Dated:** New York, New York

July 24, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:**

**Deputy Clerk**